[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 16, 2010
JOHN LEY
CLERK

_____

No. 08-14474

_____

D. C. Docket No. 04-00207-CV-ORL-19-DAB

DAVKEN, INC.,
a corporation organized under the
laws of the State of Indiana,

Plaintiff-Appellant,

versus

CITY OF DAYTONA BEACH SHORES, FL,
a municipal corporation organized under
the laws of the State of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 16, 2010)

Before BARKETT, PRYOR and HILL, Circuit Judges.

PER CURIAM:

Davken appeals the summary judgment in favor of the City of Daytona Beach Shores, Florida. Davken, Inc. owns Krazy Dave's Fireworks, a fireworks retailer in Daytona Beach Shores, Florida, and argues that Daytona Beach Shores City Ordinance No. 2003-24, as written and implemented, effectively bans the retail sale of fireworks in the City and violates the constitutional rights of Davken under the Contract Clause, U.S. Const. Art. I, § 10, and the Due Process Clause of the Fourteenth Amendment, id. Amend. XIV. We affirm.

Ordinance No. 2003-24 requires both sellers and prospective purchasers of fireworks to obtain a permit from the City Building/Fire Safety Division. In July 2003, City officials informed Davken that, under the Ordinance, all customers would be required to obtain permits at the police department during normal business hours. Most customers, upon learning of the requirement, left Krazy Dave's and never returned. Instead, they drove several blocks north and purchased fireworks in Daytona Beach. Krazy Dave's ceased doing business on August 31, 2003.

Davken filed a verified complaint that the City failed to implement the permitting process required by the Ordinance and created a "sham" permitting scheme that rendered worthless the building lease for Krazy Dave's. Davken argues that this "sham" substantially impaired its property rights protected by the

2

Contract Clause and the Due Process Clause of the Fourteenth Amendment. We disagree.

The claim of Davken under the Contract Clause fails. A regulation does not violate the Contract Clause so long as it serves a "significant and legitimate public purpose," and is "[based] upon reasonable conditions and [is] of a character appropriate to the public purpose justifying [the legislation's] adoption." Energy Reserves Group v. Kan. Power & Light, 459 U.S. 400, 411–12, 103 S. Ct. 697, 705 (1983) (alternations in original) (internal quotation marks omitted). The City, by enacting and implementing the Ordinance, was entitled to exercise its police power, even if the Ordinance effected a total restraint on the existing lease for Krazy Dave's. See Flanigan's Enters., Inc. of Ga. v. Fulton County, 242 F.3d 976, 989 (11th Cir. 2001); see also Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 504 n.31, 107 S. Ct. 1232, 1252 n.31 (1987).

The claim of a violation of procedural due process also fails. Even if Davken's lease is a property interest protected by the right of procedural due process, the City did not deprive Davken of its lease. The City instead allegedly failed to implement a permitting process required for Davken's customers to purchase fireworks. Davken fails to explain how the inability of its customers to obtain permits to purchase fireworks violates the right of procedural due process of

3

Davken.

We have carefully reviewed the record and considered the written and oral arguments of the parties.  We find no reversible error.  The summary judgment is

**AFFIRMED**.